UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | | |
|---|---|---|
| JENNIFER SWARTZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | 4:07-cv-70-AS |
| | ) | |
| WABASH NAT'L CORP., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION & ORDER

This matter is before the Court on Defendant Wabash National Corporation's Motion to Seal Portions of the Plaintiff's Appendix. (Docket No. 31).

On May 2, 2008, this Court granted defendant's Motion for a Protective Order and entered a protective order to which the parties had previously agreed. (Docket No. 16). The protective order mandated that any party who produced materials with the Court that fit within the protective order's definition of "confidential information,"should label the information as such. Wabash National now moves to have this Court seal specified potions of Plaintiff's exhibits which Wabash previously marked as "confidential."

## Discussion

The benchmark litigants must reach in seeking a protective order is "good cause," however, this determination is generally made when a Court issues a protective order, not when a Court orders specific documents to be sealed. See, e.g., Fed. R. Civ. P. 26(c) ("The court may, for good cause, issue an order to protect a party . . ."); Citizens First Nat'l Bank

of Princeton v. Cincinnati Ins. Co., 178 F.3d 943, 946 (7th Cir. 1999) (citing numerous cases that "require the district court to make a determination of good cause before he [or she] may enter the order"). In determining whether good cause exists, courts "should balance the interests between privacy and public access." Jepson, Inc. v. Makita Elec. Works, Ltd., 30 F.3d 854, 859 (7th Cir. 1994); Ashley A. Kutz, Note, Rethinking the "Good Cause" Requirement, 42 Val. U.L. Rev. 291, 302 (2007) ("Once the party seeking a protective order makes a motion in the court where the action is pending, F.R.C.P. 26(c)'s 'good cause' requirement comes into play.").

Here, according to the terms of the protective order, "good cause" is also the appropriate standard for this Court to use in determining whether or not twelve specific portions of Plaintiff's exhibits ought to be sealed from the public. See Docket No. 16 at 5.

Having reviewed each portion of Plaintiff's exhibits that Wabash National requests be sealed, this Court finds that said portions of Plaintiff's exhibits contain information regarding non-party employees of Wabash National, including salary information and evaluative assessments.

Accordingly, Defendant's Motion to Seal is **GRANTED** as to the following items: (a) e-mail on organizational structure (Docket No. 30-3 at 10 also filed under Docket No. 30-4 at 19-20); (b) 'Performance Improvement Plan' for non-party employee (Docket No. 30-3 at 14-18); (c) spreadsheet of employees (Docket No. 30-3 at 19); (d) e-mail on personnel (Docket No. 30-3 at 21-22); (e) e-mail on supply-chain personnel (Docket No. 30-3 at 23-

24); (f) second e-mail on supply-chain personnel (Docket No. 30-3 at 26-27); (g) 1/24/2007 e-mail (Docket No. 30-3 at 28-29, also filed under Docket No. 30-4 at 23-24); (h) 1/22/07 e-mail (Docket No. 30-3 at 30, also filed under Docket No. 30-4 at 25); (i) 'Supply Chain Salary Staffing' table (Docket No. 30-3 at 31-32); (j) 'Salary ranking' table (Docket No. 30-3 at 33); and (k) 'Wabash National Associate Termination.' (Docket No. 30-8).

Plaintiff is hereby **ORDERED** to refile their "Appendix II" (Docket No. 30), excluding the portions herein ordered sealed.

**SO ORDERED**.

**DATED: June 8, 2009**

　　　　　　　　　　　　　　　　　　　　／s/ Allen Sharp
　　　　　　　　　　　　　　　　　　　　**ALLEN SHARP, JUDGE**
　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT COURT**